JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chelsea Nichole Bhardwaj & Akshay Bhardwaj | Chad F. Wolf, acting Secretary of Dept. of Homeland Security, et al. |
| (b) County of Residence of First Listed Plaintiff: Anne Arundel<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: District of Columbia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Richard W. Chang, Esq. Wasserman, Mancini & Chang, PC<br>1915 Eye Street, NW, Suite 300, Washington DC 20006 (202) 783-8905 | Attorneys *(If Known)*<br>Robert K. Hur, U.S. Attorney<br>36 South Charles Street, 4th Floor, Baltimore, MD 21201 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br><br><br><br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1361
Brief description of cause:
Petition for Mandamu

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 12/27/19
SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

_____
                                            )
CHELSEA NICHOLE BHARDWAJ                    )
and AKSHAY BHARDWAJ                         )
529 Oakton Road                             )
Odenton MD 21113-1336,                      )   Civil Action No.
                                            )
        Plaintiffs,                         )
                                            )
v.                                          )   **PETITION FOR MANDAMUS**
                                            )   **AND REVIEW OF AGENCY**
Chad F. Wolf, in his official capacity      )   **UNDER THE ADMINISTRATIVE**
As acting Secretary of Homeland Security    )   **PROCEDURES ACT**
U.S. Department of Homeland Security,       )
c/o Office of the General Counsel           )
245 Murray Lane, SW                         )
Mail Stop 0485                              )
Washington, DC 20528-0485                   )
                                            )
U.S. Department of Homeland Security,       )
c/o Office of the General Counsel           )
245 Murray Lane, SW                         )
Mail Stop 0485                              )
Washington, DC 20528-0485                   )
                                            )
Kenneth T. Cuccinelli II (or successor), in his )
Official capacity as Acting Director of US  )
Citizenship and Immigration Services,       )
c/o Office of the General Counsel           )
245 Murray Lane, SW                         )
Mail Stop 0485                              )
Washington, DC 20528-0485                   )
                                            )
U.S. Citizenship & Immigration Services     )
245 Murray Lane, SW                         )
Mail Stop 0485                              )
Washington, DC 20528-0485                   )
                                            )
MICHAEL HORVATH, in his official capacity   )
As Field Office Director of                 )
Pennsylvania – Pittsburgh Field Office,     )
Penn Center East Building 7,                )
777 Penn Center Boulevard,                  )
Suite 600,                                  )
Pittsburgh, PA 15235                        )
        Defendant.                          )
_____)

# COMPLAINT FOR REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT AND FOR WRIT OF MANDAMUS

Chelsea Nichole Bhardwaj and Akshay Bhardwaj ("plaintiffs") respectfully ask this Court to compel the defendant, U.S. Citizenship and Immigration Services ("defendant") to adjudicate Mr. Bhardwaj application for lawful permanent residence and visa petition. Plaintiffs filed these applications on November 24, 2017 and they have now been pending for well over two years. Although plaintiffs have attended the interview with USCIS and have repeatedly inquired about the status of their applications, USCIS still has not adjudicated them. Counsel, Mark Mancini, also attended an Infopass appointment to get information on the applications on January 29, 2019. During this appointment the agency informed him that the adjudications would take place shortly. This has not happened.

## JURISDICTION

1. This Court has jurisdiction to hear this case under 28 U.S.C. § 1361, The Mandamus Act, and 28 U.S.C. § 1331, Federal Question Jurisdiction. This matter arises under 5 U.S.C. §§ 701-706, the Administrative Procedure Act, and The Mandamus Act.

## VENUE

2. The U.S. District Court for the District of Maryland is a proper venue for this action under 28 U.S.C. § 1391(e)(1)(C) because the plaintiffs live in Odenton, Maryland and no real property is involved in this action.

## THE PARTIES

3. Plaintiff Akshay Bhardwaj is a native and citizen of India. He submitted an application for lawful permanent residence which is still pending.

4. Plaintiff Chelsea Nichole Bhardwaj is a United States citizen and Mr. Akshay Bhardwaj's wife. She submitted an immigrant visa petition on his behalf.

5. Defendant Chad Wolf, according to regulation is to be served at the Office of General Counsel, 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528-0485.  Defendant Chad Wolf is the United States Secretary of Department of Homeland Security (DHS) and this action is brought against him in his official capacity.  He is charged with, among other things, "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant Kenneth T. Cuccinelli II's mailing address is District Director, USCIS, 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528-0485.  Defendant Kenneth T. Cuccinelli II is the Acting Director of the United States Citizenship and Immigration Services (USCIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. He is being sued in his official capacity. Defendant Director administers the immigration laws on behalf of the Secretary for Homeland Security and the DHS throughout the United States. 8 C.F.R. § 100.2(a).

7. Defendant, Michael Horvath's mailing address is Field Office Director, USCIS, Penn Center East, Building 7, 777 Penn Center Boulevard, Suite 600, Pittsburgh, PA 15235.  Defendant Michael Horvath is the Field Office Director at the USCIS Pittsburg- Philadelphia Field Office which is processing plaintiffs' applications.  Mr. Horvath is sued in his official capacity.

## FACTUAL ALLEGATIONS

8. Mr. Bhardwaj, with prior counsel, submitted to USCIS an application for adjustment of status to that of a lawful permanent resident. Ex. 1, I-485 Receipt Notice.

9. Ms. Bhardwaj, with prior counsel, concurrently submitted to USCIS an application for an immigrant visa on Mr. Bhardwaj's behalf.1 Ex. 2, I-130 Receipt Notice.[1]

10. USCIS received Mr. Bhardwaj's application for adjustment of status and Ms. Bhardwaj's visa petition on November 24, 2017.

11. On December 26, 2017, Mr. Bhardwaj, attended his biometrics appointment, where USCIS took his fingerprints, photograph and signature for a background investigation. Ex. 3, I-485 Biometrics Appointment with Processing Stamp.

12. On February 22, 2018, plaintiffs had their first interview on their applications at the Pennsylvania – Pittsburgh Field Office in Pittsburgh, Pennsylvania. Plaintiffs attended the interview with prior counsel. At the end of the interview, USCIS held the applications for review and did not issue a Request for Evidence. The officer told the plaintiffs that they would receive a decision within their standard timing: 90-120 days.

13. On January 7, 2019, current counsel sent a letter to USCIS inquiring about the cases and with further evidence in favor the applications. This was done because the plaintiffs had not heard anything from USCIS and it had been over 10 months since the interview and last contact from USCIS.

14. On January 29, 2019, current counsel attended an "Infopass" Appointment at the Pennsylvania – Pittsburgh Field Office to request an update for their case. Counsel was advised that the file was send over to the Fraud Detection and National Security ("FDNS") department within USCIS and the officer would make a recommendation to get the file back as soon as possible. He was told that the officer expected that USCIS would make the decision within 30 days.

---

[1] An application for lawful permanent residence based on marriage to a U.S. citizen must be supported by an immigrant visa petition filed by the U.S. citizen spouse. 8 U.S.C. § 1255(a)(2) (2012).

15. On April 15, 2019, current counsel sent a second letter to USCIS inquiring about the cases and with further documentation for the applications as USCIS had no contact with the plaintiffs since their February 2018 interview.

16. On July 3, 2019, current counsel sent a third letter to USCIS inquiring about the cases and further evidence for the applications as USCIS had not contacted the plaintiffs for another 2 months. In that letter, USCIS was advised that counsel would file a Mandamus by August 1, 2019 if no decision was made by that date.

17. As of the date of filing, even after the multiple inquires in regards to the plaintiffs' cases, USCIS has not responded to any. No Request for Evidence has been issued for the cases. The plaintiffs have not been asked to appear to additional interviews.

18. USCIS has not made a decision within the promised timeframe and has had no further contact with the plaintiffs.

19. As of the date of filing, USCIS has not issued a decision on Mr. Bhardwaj's permanent residence and visa applications for more than a year and a half.

20. There are no administrative remedies available to Mr. Bhardwaj. He has repeatedly contacted USCIS to request action on his case without response. He even threatened with litigation. None of these efforts have prompted USCIS to perform its duty to adjudicate the applications.

## CAUSE OF ACTION: APA/MANDAMUS

21. Plaintiffs incorporate the foregoing paragraphs by reference.

22. The Administrative Procedure Act imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555 (2012). A reviewing court "shall…compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706 (2012).

23. USCIS's delay of over a year and a half in deciding the permanent residence and visa applications is unreasonable. *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) (finding unreasonable a nearly three-year delay in the adjudication of an application for lawful permanent residence); *Razaq v. Poulos*, No. C06-2461 WDW, 2007 WL 61884, at *3 (N.D. Cal. Jan. 8, 2007) (finding mandatory duty to adjudicate I130 visa petition).

24. Mr. Bhardwaj asks the Court to order USCIS to adjudicate his permanent residence and visa applications within 45 days under the Administrative Procedure Act.

25. Mr. Bhardwaj also asks for a writ of mandamus compelling USCIS to adjudicate his permanent residence and visa applications within 45 days.

## REQUEST FOR RELIEF

26. Plaintiffs pray for judgment against U.S. Citizenship and Immigration Services within the U.S. Department of Homeland Security and respectfully request that the Court enters an order:

    a. Requiring defendant to adjudicate Mr. Bhardwaj's application for adjustment of status within 45 days;

    b. Requiring defendant to adjudicate Ms. Bhardwaj's visa application filed on behalf of Mr. Bhardwaj within 45 days.

    c. Awarding plaintiffs reasonable attorney's fees under the Equal Access to Justice Act; and

    d. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

<u>s/Richard W. Chang</u>
Richard W. Chang
Counsel for Plaintiffs
Wasserman Mancini and Chang PC
1915 I ("Eye") Street, Suite 300
Washington, District of Columbia 20006
Telephone: 202-783-8905
Fax: 202-333-1688
Richard.chang@wmclawfirm.com

<u>Index of Exhibits</u>

| Number | Description |
| --- | --- |
| Exhibit 1 | I-485 Receipt Notice |
| Exhibit 2 | I-130 Receipt Notice |
| Exhibit 3 | I-485 Biometrics Notice with Processing Stamp |